MICHAEL I. GOODE, SBN  76568
Attorney at Law
15615 Alton Parkway, Suite 450
Irvine, CA  92618
(949)450-1770
(949)271-6301 (f)
mikelawlb@aol.com
Attorney for Plaintiff MICHAEL GEVA

# UNITED STATES DISTRICT COURT

## FOR THE

## CENTRAL DISTRICT OF CALIFORNIA (WESTERN)

| | |
|---|---|
| MICHAEL GEVA,<br><br>　　　　Plaintiff.<br><br>vs.<br><br>INTEL CORPORATION, FIDELITY<br>INVESTMENTS and DOES 1 through 10,<br>inclusive,<br><br>　　　　Defendants. | CASE NO: 18-2554<br><br>COMPLAINT FOR DAMAGES AND<br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

     1.     This action arises under the Employment and Retirement Income Security Act of 1976 (U.S. 1001, et sequence) hereinafter referred to as "ERISA") and more particularly Section 502(a)(1)(b) and Section 502(c) of said Act.

1

COMPLAINT

2.      The Court has jurisdiction in this matter under 29 U.S.C. 1132(e).

3.      Plaintiff is currently residing in the County of Los Angeles, State of California, and is a participant in the Intel Global Retirement Plan, within the meaning of 29 U.S.C. § 1002(7) of ERISA.

4.      Defendant INTEL CORPORATION was at all times mentioned herein a corporation doing business in this federal district.  Defendant INTEL CORPORATION has operated and operates a qualified employee pension and retirement plan under Section 401 of the Internal Revenue Code (1954) as amended and an employee pension plan within the meaning of 29 U.S.C. § 1002(2)(A) and 1002(35), which was adopted before this date.

5.      Defendant FIDELITY INVESTMENTS was at all times mentioned herein a corporation doing business in this federal district.  Defendant FIDELITY INVESTMENTS is an investment advisor working as an agent and/or employee of Defendant INTEL CORPORATION.  All of the conduct referred to herein alleged to have been  performed by Defendant FIDELITY INVESTMENTS was performed as the agent and/or employee of the Defendant INTEL CORPORATION.

6.      The Defendants named herein as DOES 1 through 10, inclusive, were at all times mentioned herein and now are the agents and/or employees of each and every other Defendant.  As of the present time the true names and capacities of each said Defendant named DOES 1 through 10, inclusive, are unknown to Plaintiff.  As soon as the names and capacities of said Defendants are fully ascertained they will be added as Defendants to this Complaint.

## COUNT I

7.     Plaintiff MICHAEL GEVA re-alleges and re-pleas and incorporates by reference as those set out in full Paragraphs 1 through 6, inclusive, of this Complaint.

8.     Plaintiff was employed by Defendant INTEL CORPORATION for a number of years prior to July 2016.  During that time Plaintiff contributed to company sponsored traditional 401k IRA plans and a company sponsored Roth 401k IRA plan.  Each said plan was sponsored by Defendant INTEL CORPORATION.

9.     Commencing in July 2016, Plaintiff communicated with Defendant FIDELITY INVESTMENT'S  team that handles Defendant INTEL CORPORATION'S pension accounts, regarding conversion of said traditional 401K plans to an annuity as part of his pension from Defendant INTEL CORPORATION.  Plaintiff was communicating with employees of Defendant FIDELITY INVESTMENTS in discussion of the best way to convert his 401K IRA plan to an annuity.

10.     During July and August 2016 Plaintiff had a series of telephone discussions with the "Intel Transition Team" a team of  employees of Defendant FIDELITY INVESTMENTS working on behalf of Defendant INTEL CORPORATION that advised  Defendant INTEL'S prospective  retirees in making pension-related elections that were in their best interests.  Based in the advice of the Intel Transition Team (who were actually the employees of Defendant FIDELITY INVESTMENTS,  Plaintiff made an election as to the date on  which the annuity he selected would be paid to him would commece.  Plaintiff elected to have his annuity commence in January 2017, instead of commencing in September 2016, the earliest date on which he could have commenced

receiving payments.   Plaintiff made such election based upon the advise of employees

of  Defendant FIDELITY INVESTMENTS, as an agent and/or employee of Defendant

INTEL CORPORATION.  The information provided the Plaintiff included a

miscalculation as to the amount of funds to be placed into his annuity by virtue of the

fact that said Defendants, negligently and carelessly, advised him that the "Roth"

portion of his IRA funds in the amount of approximately $95,000.00, would be included

for the purposes of calculation of his annuity, together with his traditional IRA portions

(all of which were administered by Defendant FIDELITY INVESTMENTS, on behalf of

Defendant INTEL CORPORATION) into his pension annuity account (which also was

administered by Defendant FIDELITY INVESTMENTS on behalf of Defendant INTEL

CORPORATION).  Also Plaintiff was not advised in August 2016 that the amount of the

interest calculation which would be used to complete calculation of the amount of his

monthly annuity payment were known to Defendant FIDELITY INVESTMENTS as of

August 2016 and that if he elected to commence receiving his annuity in January 2017,

instead of in September 2016, the interest calculation for the annuity he would receive

would result in a lower monthly payment.  Plaintiff was further told that the payment he

would receive monthly would be higher by an amount in excess of $100.00 per month if

he delayed payment collection from September 2016 to January 2017.  Based on all the

information provided to Plaintiff by Defendant FIDELITY INVESTMENTS, working on

behalf of Defendant INTEL CORPORATION, Plaintiff GEVA elected to commence

receipt of his annuity in January 2017 rather than in September 2016.

11.    In January 2017 Plaintiff GEVA commencing receiving annuity payments

which were more than $700.00 per month less than those which would have been

received had he commenced receipt of his pension and annuity payments in September 2016.

12.     Plaintiff GEVA appealed twice to Defendant FIDELITY INVESTMENTS, who acted in the capacity as the agent for Defendant, INTEL CORPORATION. Following the first review  Plaintiff GEVA was told that the lower payment resulted from the selection of January 2017 as the pension commencement date, where a lower interest rate was used for payment calculations.

13.     During the course of the second review  requested by Plaintiff GEVA, Defendant FIDELITY INVESTMENTS, discovered that the previously mentioned Roth IRA in the approximate amount of $95,000.00 had been "misplaced" and "lost".  Said funds were discovered during the second review by Defendant FIDELITY INVESTMENTS and said funds were returned to Plaintiff GEVA.  Also, in this second review it was determined that the monthly payments commencing in January 2017 miscalculated the amount to be paid to Plaintiff GEVA, under the January 2017 calculations, by approximately $100.00 per month.  The missing amount, in the approximate amount of $100.00 a month was then paid to Plaintiff GEVA.

14.     Defendant INTEL CORPORATION has an administrative appeals process for parties such as Plaintiff GEVA, who believe that they have received incorrect information from Defendant INTEL CORPORATION and/or its employees and agents such as Defendant FIDELITY INVESTMENTS.  Plaintiff GEVA availed himself of this process.

15.     After review of Plaintiff GEVA'S claim that he had made an election as to the date for receipt of his annuity because of the fact that he had been incorrectly

advised by the agent and/or employee of Defendant INTEL CORPORATION, Plaintiff GEVA was denied an opportunity to retroactively elect to receive the higher sum as would have been received on or about September 1, 2016.

16.     As a direct and proximate result of the above actions alleged as to Defendants, and each of them, Plaintiff has lost benefits in an amount  of more than $700 per month than those he would have received  if he had elected to commence receiving his annuity in September 2016 instead of in January 2017.

16.     As a direct and proximate result of the failure of Defendant INTEL CORPORATION to permit Plaintiff to change his election of commencement date of his annuity alleged as to Defendants,  Plaintiff GEVA, has been damaged in an amount in excess of $75,000.00.

**COUNT 2**

17.     Plaintiff re-alleges and re-pleads and incorporates by this reference as though set out in full Paragraphs 1 through 16, inclusive, of this Complaint.

18.     As previously alleged Defendant INTEL CORPORATION, by and through its agent and/or employee Defendant FIDELITY INVESTMENTS, negligently and carelessly advised Plaintiff GEVA as to the ramifications of electing to receive his annuity in January 2017 as opposed to September 2016.  Said Defendants, and each of them, should have known that the date selected by Mr. Geva, January 1, 2017, would yield a smaller monthly annuity payment than the commencement of collection of his annuity in September 2016.

19.     As a direct and proximate result of such negligence, Plaintiff GEVA has been damaged in an amount in excess of $75,000.00.

<u>DEMAND FOR JURY TRIAL</u>

20.     Plaintiff hereby demands a jury trial in this matter.


WHEREFORE, Plaintiff prays judgment as follows:

<u>**COUNT 1**</u>

1.     For judgment in favor of Plaintiff;

2.     For monetary damages against Defendant INTEL CORPORATION;

3.     For cost of suit herein incurred including attorney's fees; and

4.     For such other and further relief as the Court may deem just and proper.

<u>**COUNT 2**</u>

5.     For judgment in favor of Plaintiff;

6.     For monetary damages against Defendant INTEL CORPORATION and against Defendant FIDELITY INVESTMENTS;

7.     For cost of suit herein incurred including attorney's fees; and

8.     For such other and further relief as the Court may deem just and proper.

Date:  March 28, 2018


/S/  MICHAEL I. GOODE

Michael I. Goode
Attorney for Plaintiff MICHAEL GEVA